UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CRESENCIO ALVAREZ, III, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-410-JD-JEM |
| PATRICK DOWD, et al., | |
| Defendants. | |

OPINION AND ORDER

Cresencio Alvarez, III, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Alvarez filed this complaint from the St. Joseph County Jail, complaining that he is not receiving adequate medical care for his breathing problems. His breathing problems, he explains, stem from when he contracted COVID-19 in March 2021 during a previous detention at the jail. In March 2021, he alleges that he tested positive for COVID-19, and he eventually was hospitalized after he developed pneumonia and

serious COVID-19 complications. Alvarez alleges that when he was discharged from the hospital in April 2021, the doctor advised the jail that he would need an inhaler.

Fast forward to December 12, 2022, Alvarez was arrested and booked into the St. Joseph County Jail. He alleges he told the arresting officer that he was having problems breathing and needed his inhaler from his truck. The arresting officer, however, did not give him the inhaler. Instead, he gave the truck keys to someone else, who drove off with the truck while Alvarez was transported to the jail.

After Alvarez arrived at the jail, he told the officers at booking that he was having breathing problems. Wellpath medical staff assessed him and denied him breathing treatment, stating that he did not have a prescription for an inhaler. A medical request dated February 24, 2023, that was attached to the complaint states: "Back in December you stated that you did not have a prescription for an inhaler but used your sisters. We do not have any records of you using an inhaler." ECF 1-1 at 4.

Alvarez alleges that months later, he was called to medical about his breathing problems. Medical records attached to the complaint reflect that Alvarez tested positive for COVID-19 on February 24, 2023, and that as of April 7, 2023, he had a prescription for an Alvesco inhaler every morning and an Albuterol inhaler twice a day. ECF 1-1 at 3-4. He names as defendants Prosecutor Patrick Dowd, Warden Olmstead, and Wellpath employee Kendra Perry.[1]

---

[1] When asked how many defendants he was suing, Alvarez stated that he was suing seven people, but he named only three defendants.

It appears Alvarez was a pretrial detainee at the time he was allegedly denied medical care during his most recent detention at the jail. Therefore, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Here, Alvarez does not plausibly allege a Fourteenth Amendment violation. He does not describe his breathing problems, so the court cannot determine whether those problems could be considered a serious medical need. In addition, the body of the complaint does not mention any of the named defendants or make clear who he asked for help, what he told them about his medical issue, and how they responded. "A

3

plaintiff needs to provide enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022) (quotation marks omitted). A plaintiff must plausibly allege a defendant had personal involvement in the alleged constitutional violation in order to hold that defendant personally liable. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009).

Out of the three named defendants, it is most plausible that Wellpath employee Kendra Perry could have been personally involved in Alvarez's medical care. But the complaint does not give any details connecting her to his treatment, so no claim against her may proceed. Alvarez also does not explain why he is suing Warden Olmstead. The Warden cannot be sued simply because he oversees the jail. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). He, too, must have some personal involvement in the alleged constitutional violation to be held personally liable. Finally, it is unclear why he included Prosecutor Patrick Dowd as a defendant, as a prosecutor would not typically be involved in medical care at a jail.

As a final note, Alvarez asks to be released from custody as part of the relief he seeks in this lawsuit. He cannot obtain his release from custody in this action because his sole federal remedy for release from custody is habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983).

4

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Alvarez may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended "on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Cresencio Alvarez, III, until **August 29, 2023**, to file an amended complaint; and

(2) CAUTIONS Cresencio Alvarez, III, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 25, 2023

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT