UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CRESENCIO ALVAREZ, III, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-410-JD-JEM |
| KENDRA PERRY, | |
| Defendant. | |

OPINION AND ORDER

Cresencio Alvarez, III, a prisoner without a lawyer, filed a complaint about the medical care he received at the St. Joseph County Jail during a detention that started in December 2022. ECF 1. That complaint did not state a claim because he did not identify a defendant who was involved in his medical care at the jail. ECF 6. He was given the opportunity to file an amended complaint, and he has done so. ECF 7. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Alvarez alleges that he suffers from post-Covid asthma from when he contracted COVID-19 in March 2021, during a previous time at the jail.[1] ECF 7 at 5-6. When he was arrested again on December 12, 2022,[2] he began having trouble breathing, but the arresting officers would not allow him to get his inhaler from his truck. Instead, they took him straight to the St. Joseph County Jail. *Id.* at 8.

At the jail, he advised WellPath employee Mrs. Kendra Perry that he was having trouble breathing. ECF 7 at 8. She allegedly told him that because he did not have a prescription for an inhaler, he could not have one. He explained that he used his sister's inhaler, and that is why he did not have a prescription. Over the next 4-5 months, he sent multiple requests for an inhaler and his family called the jail multiple times. Finally, after months of requests, he received treatment for his breathing after they obtained a copy of his hospital records. *Id.* at 9.

As a pretrial detainee, Alvarez's rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d

---

[1] Alvarez appears to want to assert a claim against correctional officers and medical staff involved with the medical care he received for COVID-19 in March 2021. Although that incident led to his current asthma diagnosis, as a legal claim, it is unrelated to his medical care during his December 2022 booking because it involves different defendants at difference times and under different circumstances. "[U]nrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In addition, Alvarez brought this suit too late to challenge those actions. The statute of limitations to bring a claim under 42 U.S.C. § 1983 in Indiana is two years. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Alvarez filed this case in May 2023, too late to challenge actions that occurred in March 2021, more than two years earlier. Therefore, the defendants associated with this claim—Beacon Medical Group, Nurse Alice, Nurse Megan, and St. Joseph County Jail Officials—will be dismissed. ECF 7 at 5.

[2] Alvarez states that this happened in 2020. But based on state court records, the arrest he complains of took place in December 2022. *See State v. Alvarez*, No. 71D08-2212-F6-1091 (St. Joseph Super. Ct. filed Dec. 14, 2022). The court will proceed based on that date.

388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54. Alvarez has plausibly alleged that Perry failed to take reasonable steps to confirm his breathing problem and may proceed against her on a claim for constitutionally unreasonable medical care. He does not identify as a defendant any other medical staff member who treated him for his breathing problems.

Alvarez also sues Beacon Medical Group, Wellpath Medical Group, and St. Joseph County Jail Officials (Administrations, Corporations, Organization, Officials, and Staffs as a whole) for denying him access to his medical and jail records. ECF 7 at 9. Alvarez does not say how he requested these records or whether he tendered payment for copies. But, regardless, his complaint about being unable to access his medical and

3

jail records does not implicate constitutional concerns. His inability to get those records did not deny him medical care. These defendants will be dismissed.

Alvarez discusses additional claims he wishes to bring against various defendants. He sues R. Olmstead, Beth Sharp, Garcia, Brothers, Fowler, Grahl, Vance for an alleged retaliatory disciplinary proceeding and challenges the procedures in place to hold disciplinary hearings. ECF 7 at 12-15, 17. He also challenges the adequacy of the amount clothing and toilet paper inmates are allowed as a violation of a human right. ECF 7 at 15. These newly added claims are unrelated to the medical claim he is proceeding on and therefore the court will dismiss them without prejudice. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants.").

Finally, Alvarez says he would like to dismiss prosecuting attorney Patrick Dowd because he mistakenly included him as a defendant. ECF 7 at 3.

For these reasons, the court:

(1) GRANTS Cresencio Alvarez, III leave to proceed against Kendra Perry in her individual capacity for compensatory and punitive damages for providing unreasonable medical care for his breathing problems at the St. Joseph County Jail starting in December 2022 in violation of the Fourteenth Amendment;

(2) DISMISSES WITHOUT PREJUDICE the claims relating to disciplinary proceedings and the provision of clothing and toilet paper;

(3) DISMISSES all other claims;

(4) DISMISSES Patrick Dowd, Olmstead, Beacon Medical Group, Megan, Alice, Wellpath Medical Group, St. Joseph County Jail Officials, R. Olmstead, Beth Sharp, Garcia, Brothers, Fowler, Grahl, Vance;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Kendra Perry at Wellpath, with a copy of this order and the complaint (ECF 7);

(6) ORDERS Wellpath to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Kendra Perry to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 18, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

5